Goetz Fitzpatrick LLP
One Penn Plaza, 31st Floor
New York, New York 10119
Telephone: 212-695-8100
Gary M. Kushner, Esq.
Scott D. Simon, Esq.

*Proposed Attorneys for Debtor and Debtor-in-Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
In re:                                             :    Chapter 7
                                                   :
SIRGOLD, INC.,                                     :    Case No. 16-12963-scc
                                                   :
                            Debtor.                :
----------------------------------------------------------------X

# DEBTOR'S MOTION FOR EMERGENCY USE OF CASH COLLATERAL AND FOR INTERIM AND FINAL ORDERS (1) AUTHORIZING USE OF CASH COLLATERAL, (2) GRANTING ADEQUATE PROTECTION TO PRE-PETITION SECURED LENDERS, (3) SCHEDULING INTERIM AND FINAL HEARINGS ON THE USE OF CASH COLLATERAL AND (4) GRANTING RELATED RELIEF

Pursuant to Sections 105, 361 and 363 of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 4001, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Sirgold, Inc., the above-captioned debtor and debtor-in-possession (the "Debtor" or "Sirgold"), hereby moves this Court for an Order granting the emergency use of cash collateral pending the entry of interim and final Orders authorizing the use of cash ("Cash Collateral") in which Unity Bancorp, Inc. ("Unity") has an interest.

In support of the Motion, the Debtor respectfully states as follows:

## I. PRELIMINARY STATEMENT

1. The Debtor requires the immediate use of Cash Collateral in order to pay certain operating expenses and maintain the value of its business. Specifically, the Debtor requests:

   (i) entry of an Order substantially in the form attached hereto as Exhibit "A" authorizing the emergency use of up to $21,000 of Cash Collateral in accordance with the Emergency Budget (the "Budget") attached hereto as Exhibit "B" in order to avoid immediate and irreparable harm to the Debtor's estate;

   (ii) entry of interim and final Orders authorizing use of Cash Collateral in the ordinary course of business and granting Unity a replacement lien to secure any diminution in the value of the Unity's collateral; and

   (iii) the scheduling of interim and final hearings with respect to the relief requested herein.

2. The Debtor's use of Cash Collateral is necessary to pay its usual and ordinary operating expenses while the Debtor reorganizes its business operations. Absent the use of Cash Collateral to pay the expenses in the annexed Budget (the "Budget"), the Debtor will be unable to operate and the value of the Debtor's assets will be eradicated.

3. The payment of the expenses in the Budget will therefore benefit the holders of liens on the Debtor's assets in particular, and the Debtor's other creditors in general, by preserving the value of the Debtor's estate. In further support of this motion, the Debtor states as follows:

## II. JURISDICTION AND VENUE

4. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

5. This is a core proceeding under 28 U.S.C. §§ 157(b).

6. Venue is proper before the Court under 28 U.S.C. §§ 1408 and 1409.

## III. FACTUAL BACKGROUND

### A. General

7. On October 21, 2016 (the "Petition Date"), three of the Debtor's unsecured creditors filed an involuntary chapter 7 petition under section 303 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York.

8. In response to the involuntary chapter 7 petition, on November 14, 2016, the Debtor filed a voluntary chapter 11 petition and a motion under section 706(a) of the Bankruptcy Code to convert the chapter 7 case to one under chapter 11 of the Bankruptcy Code.

9. By the motion to convert, the Debtor seeks to operate as a debtor-in-possession under Sections 1107 and 1108 of the Bankruptcy Code.

10. The Office of the United States Trustee has not yet appointed an Official Committee of Unsecured Creditors.

### B. The Debtor's Business and Background

11. The Debtor was founded in 1991 by Avnissh Patel and his wife, Sonali Patel. They remain the Debtor's only shareholders.

12. The Debtor is a wholesale distributor of diamonds and jewelry to mom-and-pop retail jewelry stores located across the United States. The lifeblood of the Debtor's business is a dedicated, two-man sales force.

13. Mr. Patel learned the jewelry trade from his family in India, where his grandfather worked in the business since the early 1900s.

14. The Debtor has a particularly strong presence selling to small retail jewelers in southern states like Louisiana, Texas and Oklahoma.

15. Over the last few years, as oil prices fell, those states' economies suffered. As a result, the Debtor's retail customers in those states have been slower to pay their bills.

16. Correspondingly, the Debtor has suffered an inability to timely pay its creditors due to these cash flow constraints.

### C. Secured Claim Against the Debtor – Loan with Unity Bank

17. On August 17, 2006, the Debtor executed and delivered a first mortgage to Unity against the Debtor's condominium unit located at 62 West 47th Street, Unit 309/A, New York, New York 10036 (the "Property") under a certain Mortgage, Security Agreement and Assignment of Leases and Rents (the "Unity Mortgage").

18. As additional security for the Debtor's obligations under the Unity Mortgage, the Debtor granted to Unity a first lien and security interest in all of the Debtor's assets, including without limitation, goods, instruments, documents, accounts, chattel paper, deposit accounts, and the proceeds thereof. The Unity Mortgage provides for liens on all of the Debtor's personality, including all cash and cash equivalents.

19. The Debtor is the only occupant of the Property, which does not generate any rental income.

20. The Debtor is current on its obligations under the Unity Mortgage.

### IV. REQUESTED USE OF CASH COLLATERAL AND OFFER OF ADEQUATE PROTECTION

#### A. Use of Cash Collateral

21. The Debtor requires the immediate use of Cash Collateral in order to avoid immediate and irreparable harm to its business. Absent the emergency use of Cash Collateral to purchase the precious materials needed to make jewelry and pay the usual and ordinary operating expenses of the business, the value of the Debtor's business will be irreparably harmed because the Debtor will lack the ability to manufacture product to sell to its customers.

22. Additionally, the Debtor requires the use of Cash Collateral in order to meet its weekly payroll, as further set forth in the Budget.

23. The immediate use of Cash Collateral is therefore necessary to preserve the value of the Debtor's bankruptcy estate.

24. The Debtor requests the immediate authority to utilize Cash Collateral in the amount of up to $21,000 to pay the actual expenses incurred in accordance with the Budget.

25. As reflected in the Budget, the Debtor's expenses primarily include real estate and administrative obligations, and manufacturing expenses such as labor, materials and supplies. The administrative obligations relate in large part to compensation for the Debtor's salesmen, without whom the Debtor would be unable to generate sales to its retail customers.

26. Cash Collateral that can be used to pay such expenses includes the Debtor's receivables, against which Unity appears to have a valid lien and security interest.

27. The Debtor requests the use of Cash Collateral as set forth on the Budget through the date of the interim hearing on the instant Motion to fund its operations to the extent necessary to avoid immediate and irreparable harm to the Debtor's business.

28. Approval of the use of Cash Collateral on the terms identified in this Motion is in the best interests of the Debtor, the Debtor's estate and its creditors. The use of Cash Collateral will enable the Debtor to operate, pay post-petition obligations including payroll, and pay vendors in order to preserve the value of its business.

29. Absent the use of Cash Collateral, the Debtor would be required to cease operations.

30. It remains the Debtor's desire to obtain the consent of Unity prior to the interim hearing. However, pending a consensual arrangement, the Debtor seeks Court approval to use Cash Collateral in accordance with the Budget.

**B.** **Adequate Protection**

31. Section 363(e) of the Code provides that a party with an interest in property

proposed to he used, sold or leased by the debtor may receive adequate protection of such interest before a debtor may use, sell or lease such property. 11 U.S.C. § 363(e).

32. The Debtor proposes to provide adequate protection to Unity by the granting of post-petition liens (the "Replacement Liens") on post-petition collateral (the "Post-Petition Collateral") in exchange for use of Unity's Cash Collateral, to the extent of the diminution in the value of its collateral.

33. The Debtor believes that Unity is the holder of a first priority, validly perfected lien on Cash Collateral. The liability to Unity on its secured claim is fully secured by all of the property against which Unity has a valid lien and security interest. There is only $8,600.00 in cash presently on deposit with the Debtor, which is fully encumbered by Unity's pre-petition lien. There is presently at least $5 million in collectible receivables on the Debtor's books and records. Therefore, by this Motion, the Debtor considers it necessary to limit the Replacement Lien to protect Unity's interest in Cash Collateral.

34. The Replacement Lien shall be subordinate to the payment of U.S. Trustee fees in the Debtor's case and a carve-out for the Debtor's professionals in an amount to be established prior to the interim hearing. (This professional fee carve-out is not included in the Budget, and therefore is not included in the proposed Order authorizing emergency use of Cash Collateral.)

35. Moreover, the Replacement Liens shall not extend to the recovery of funds or proceeds from the successful prosecution of avoidance actions under Sections 502(d), 544, 545, 547, 548, 549, 550, or 553 of the Bankruptcy Code.

36. Section 361 of the Code provides that when adequate protection is required under Section 363 of the Code, such adequate protection may be provided by, *inter alia,* "providing to such entity an additional or replacement lien to the extent that such stay, use, sale, lease, or grant

results in a decrease in the value of such entity's interest in such property." 11 U.S.C. § 361(2).

37. What constitutes adequate protection varies with the facts and circumstances of each particular case. Bankruptcy courts are vested with discretion to determine the form of protection that best reflects the spirit and intent of Section 361. *See In re Bramham,* 38 B.R. 459, 466 (Bankr. D. Nev. 1984); *In re Lackow Brothers, Inc.,* 10 B.R. 717, 720 (Bankr. S.D. Fla. 1981); *In re Family Investments, Inc.,* 8 B.R. 572 (Bankr. W.D. Ky. 1981). Regardless of its form, the entitlement to and measure of the protection required is always determined by the extent of the anticipated or actual decrease, if any, in the value of the secured creditor's collateral during course of the bankruptcy case. *See In re First South Savings Assoc.,* 820 F.2d 700, 710 (5th Cir.1987).

38. Adequate protection requires only that the value of the creditor's interest in the cash collateral be protected from diminution while the Debtor uses the cash collateral. *United Savings Association of Texas v. Timbers of Inwood Forest Assoc., Ltd*, 484 U.S. 365 (1988). Said another way, it is "intended by the Bankruptcy Code only to assure that a secured creditor, during the pendency of a bankruptcy case, does not suffer a loss in the value of its interest in property of the bankruptcy estate." *In re Markos Gurnee Partnership*, 252 B.R. 712, 716 (Bankr. N.D. Ill. 1997).

39. The value of Unity's secured position will be adequately protected during the Debtor's use of Cash Collateral by the preservation of the value of the Debtor's assets and the issuance of the Replacement Liens as set forth above. *In re Kain,* 86 B.R. 506, 513 (Bankr. W.D. Mich. 1998).

C. **Interim Approval of Use of Cash Collateral Should be Granted**

21. Bankruptcy Rule 4001 provides, among other things, that a final hearing on the Debtor's request to use Cash Collateral may not be commenced earlier than 14 days after the

7

service of the Motion. However, the Court may conduct a preliminary expedited hearing on the Motion upon request by the Debtor, and may authorize the use of Cash Collateral to the extent necessary to avoid immediate and irreparable harm to the Debtor's estate.

40. The Debtor requests that the Court immediately schedule and conduct a preliminary hearing on the Motion and authorize the Debtor to utilize Cash Collateral in the amount(s) set forth in a subsequent Budget to be agreed upon with Unity during the period after the entry of the interim Order until the final hearing on the Motion.

41. For the foregoing reasons, the Debtor's proposed use of Cash Collateral is warranted.

42. No prior request for the relief requested in this Motion has been made by the Debtor to this or any other Court.

## IV. **NOTICE**

43. Notice of this Motion has been provided by facsimile, electronic mail, overnight delivery, or hand delivery to: (i) the Office of the United States Trustee, (ii) the Debtor's 20 largest unsecured creditors, (iii) Unity; and (iv) all parties who have filed a notice of appearance and request for notices in this proceeding.

44. The Debtor submits that such notice is good and sufficient notice of the relief requested herein under the circumstances.

45. The Debtor further requests that the Court schedule the interim and final hearing on the Motion and authorize the Debtor to mail copies of the signed Order, which fixes the time, date and manner for filing objections to the Motion, to the foregoing parties and counsel to any committee appointed in this case. The Debtor requests that the Court consider such notice of the interim and final hearings as good and sufficient notice under Bankruptcy Rule 4001 and Local Rule 2002.

**WHEREFORE**, the Debtor respectfully requests that this Court enter an Order:

A. Approving the notice of this Motion as described above;

B. Authorizing the Debtor to use Cash Collateral on an emergency basis during the period from the entry of the Order attached hereto as Exhibit "A," and on a continuing basis during the interim period from entry date of the interim Order granting use of Cash Collateral through and including the date of the hearing on a final Order granting the Debtor continued use of Cash Collateral;

C. Granting adequate protection to Unity in accordance with the terms of this Motion;

D. Scheduling interim and final hearings on the Motion; and

E. Granting such other relief as is just and proper.

Dated: New York, New York
November 15, 2016

GOETZ FITZPATRICK LLP

*Proposed Attorneys for Debtor*

By:  /s/Gary M. Kushner
Gary M. Kushner
A Partner of the Firm
Scott D. Simon
One Penn Plaza, 31st Floor
New York, New York 10119
(212) 695-8100