Douglas J. Pick, Esq.  
Eric C. Zabicki, Esq.  
**PICK & ZABICKI LLP**  
Counsel to the Petitioning Creditors  
369 Lexington Avenue, 12th Floor  
New York, New York 10017  
(212) 695-6000

Hearing Date: November 22, 2016  
Time: 3:00 p.m.

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
------------------------------------------------------------x  
In re:  
SIRGOLD, INC.,  

Chapter 11  
Case No. 16-12963 (SCC)

      Debtor.  
------------------------------------------------------------x

## OBJECTION TO DEBTOR'S EMERGENCY MOTION AUTHORIZING USE OF CASH COLLATERAL

TO THE HONORABLE SHELLEY C. CHAPMAN,  
UNITED STATES BANKRUPTCY JUDGE:

  Petitioning creditors B.H.C. Diamonds (USA) Inc., Diacurve USA LLC, and JKS Diamond Inc. (collectively, the "Petitioning Creditors"), by and through their undersigned counsel, as and for their objection to the motion (the "Motion") of debtor Sirgold, Inc. (the "Debtor") seeking authorization to use the purported cash collateral of Unity Bancorp., Inc. ("Unity Bank") on an emergency basis, respectfully represents and alleges as follows:

  1.  The Petitioning Creditors respectfully submit that the Motion should be denied for the following reasons, among others[1]:

    (a)  The Motion is not supported by even the barest modicum of evidence and entirely ignores the requirements of Fed. R. Bankr. P. 4001(b)(1)(B) and Local Bankruptcy Rule 4001-2. At the outset, the Motion is not supported by any affidavit of any officer or other person having personal knowledge

---

[1] On Friday, November 18, 2016, and at the Debtor's request, an Order was entered scheduling an emergency hearing with regard to the Motion for Tuesday, November 22, 2016. As such, the Petitioning Creditors' time to consider and respond to the Motion has been limited. Accordingly, and consistent with the provision of the aforementioned Order permitting objections to be made on the record of the hearing, the Petitioning Creditors reserve the right to supplement the objections and arguments made herein at the hearing and/or by way of additional pleadings.

of, among other material matters, the Debtor's purported urgent need to utilize cash collateral, the terms of the purported loan agreement with Unity Bank, the expense items listed in the proposed cash collateral budget, the value of the collateral securing the Debtor's obligations to Unity Bank, the Debtor's historical/anticipated operating revenues and expenses, and the like. Also omitted from the Motion are copies of the loan/security documents between the Debtor and Unity Bank (which are particularly important given that the Debtor is proposing to grant Unity Bank replacement liens on post-petition collateral), loan statements or other evidence of the amount owed by the Debtor to Unity Bank, accounts receivable records reflecting the amounts payable to the Debtor which purportedly serve as Unity Bank's cash collateral (which receivables the Debtor alleges total "at least $5 million")[2], an appraisal of the commercial condominium unit against which Unity Bank allegedly holds a mortgage, and the like. Rather, the Motion is premised entirely upon the statements of the Debtor's counsel which, putting aside the hearsay nature thereof, lack the requisite detail concerning the facts and circumstances material to the Court's and creditors' consideration of whether the relief sought by the Debtor is warranted/appropriate. Indeed, the Motion fails to so much as advise how much the Debtor presently owes to Unity Bank.[3] The Debtor also failed to submit any proposed Order regarding its emergency use of cash collateral thereby depriving the Court and creditors of an opportunity to consider the full extent of the relief sought by the Debtor. Respectfully, while the Petitioning Creditors acknowledge that the Motion is being made on an emergency basis and the Debtor may have a legitimate need to utilize cash collateral, the relief sought in the Motion should not simply be "rubber stamped"; and

(b) The "14-Day Budget" submitted by the Debtor raises numerous questions that are not answered in the Motion and require, at a minimum, further examination and investigation. By way of example only, while the Debtor explains in the Motion that it owns a commercial condominium in New York City, the budget reflects proposed payments of mortgage, maintenance and property tax obligations associated with a condominium

---

[2] The "14-Day Budget" submitted by the Debtor reflects only $15,000 in "expected cash receipts from sales" and only $8,200 in "cash on hand". These amounts do not "line up" with an entity that has "at least $5 million" in "collectible" accounts receivable. The Debtor's allegations in this regard, among others, are suspect particularly in light of the overall lack of evidence/detail submitted by the Debtor in support of the Motion.

[3] As of the date hereof, the Debtor has not filed its schedules of assets and liabilities, statement of financial affairs or affidavit pursuant to Local Bankruptcy Rule 1007-2. As such, the Petitioning Creditors have no information outside of the four corners of the Motion to look to in considering the merits of the Motion.

2

in New Jersey which is not discussed at all in the Motion.[4] The Petitioning Creditors are concerned that these payments (and possibly others, such as the "Car Payment" listed) are personal obligations of the Debtor's principal, Avnissh Patel, and are not for the Debtor's legitimate business purposes. The Debtor must adequately explain these and the other proposed payments listed on the budget.

2.  Based upon the foregoing, the Petitioning Creditors respectfully request that the Court deny the Motion in its entirety and grant such other and further relief as may be just and proper.

Dated: New York, New York
        November 21, 2016

                                              **PICK & ZABICKI LLP**
                                              Counsel to the Former Petitioning Creditors

By: _____
      Douglas J. Pick
      369 Lexington Avenue, 12th Floor
      New York, New York 10017
      (212) 695-6000

---

[4] Contrary to the Debtor's assertion in the Motion that it is the "only occupant" of the New York City condominium, the Petitioning Creditors believe that the Debtor has at least one tenant/subtenant, *i.e.*, UNV LLC. A copy of an excerpt from the Debtor's creditor matrix filed with this Court reflecting that UNV, LLC's address is the same as the Debtor's is attached hereto as *Exhibit "A"*. Entirely absent from the Motion is any discussion regarding the amounts presumably being received by the Debtor as rents from UNV, LLC with regard to its use and occupancy of some or all of the commercial condominium.