UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In re:                                              :    Chapter 11
                                                    :
SIRGOLD, INC.,                                      :    Case No. 16-12963-scc
                                                    :
              Debtor.                               :
---------------------------------------------------------------X

**INTERIM ORDER (i) AUTHORIZING USE OF CASH COLLATERAL BY DEBTOR AND (ii) GRANTING ADEQUATE PROTECTION**

Upon the Motion, dated November 15, 2016 (the "Motion"), of Sirgold, Inc., the debtor and debtor-in-possession (the "Debtor") in the above-captioned chapter 11 case, submitted pursuant to sections 361 and 363 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rule 4001-2 in support of the Debtor's request for an order granting the Debtor use of cash collateral for the period November 30, 2016 through December 31, 2016 (the "Interim Order"); and the Court having considered the Motion, the exhibit attached thereto, and the arguments of counsel made at the preliminary hearing held on November 29, 2016 (the "Preliminary Hearing"); and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED** that:

1.   The Motion is granted on an interim basis to the extent set forth herein.

2.   The Debtor is authorized to use Cash Collateral through and including December 31, 2016 (the "Interim Period") in accordance with, and subject to, the annexed budget (the "Budget");

3.   As adequate protection for, and to the extent of, any diminution in the value of the interest of Unity Bank (the "Prepetition Lender") in the Debtor's Prepetition Collateral (hereinafter defined) resulting from (a) the use of the Pre-Petition Lender's Cash Collateral

and/or (b) the use, sale, lease, depreciation, or other diminution in value of the Debtor's Prepetition Collateral (other than the Cash Collateral) (the "Adequate Protection Obligations"), the Prepetition Lender is hereby granted (effective as of the Petition Date and without the need for execution by the Debtor of mortgages, security agreements, control agreements, pledge agreements, financing statements or otherwise), subject only to the "Carve Out" (as defined herein), valid and perfected security interests in, and liens (the "Adequate Protection Liens") on all of the right, title and interest of the Debtor in, to and under all present and after-acquired property of the Debtor (together with the proceeds and products of any and all of the foregoing, the "Postpetition Collateral") including, without limitation, all cash contained in the Debtor's post-petition Chapter 11 account, provided that the Postpetition Collateral shall expressly exclude causes of action arising under sections 544, 545, 547, 548, 550 and 553 of the Bankruptcy Code and proceeds generated therefrom (collectively, the "Avoidance Actions") and the "Carve Out" for professionals.

4. For purposes of this Interim Order, the "Carve Out" shall mean the sum of (a) all fees required to be paid to the Clerk of the Bankruptcy Court and to the Office of the U.S. Trustee under section 1930(a) of title 28 of the United States Code; (b) the payment of allowed professional fees and disbursements incurred by professionals retained by the Debtor and any Committee appointed in this Chapter 11 Case (the "Professional Fees and Disbursements"), not to exceed the sum of (i) $25,000 for the Interim Period and (ii) in the event of a conversion of the case to chapter 7, the additional sum of $15,000 for the payment of the fees of a chapter 7 trustee. Nothing herein shall be construed as a waiver of the right to object to the allowance of any requested Professional Fees and Disbursements.

5. To the extent any of the Prepetition Lender's liens or security interests are determined by a final, non-appealable order entered by a court of competent jurisdiction to be

2

invalid or unperfected, any cash payments of interest, fees, costs or expenses to the Prepetition Lender pursuant to this Interim Order shall be recharacterized and applied as payments of principal under the loans due from the Debtor to the Prepetition Lender.

6. A final hearing on the Motion will be held before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, at the United States Bankruptcy Court, Southern District of New York, One Bowling Green, New York, New York on December 29, 2016 at 2:00 p.m. (the "Final Hearing"), or as soon thereafter as counsel may be heard, to consider approval of the Motion on a final basis and the entry of a final Order granting the relief requested.

7. On or before December 15, 2016, the Debtor shall serve copies of this Order by overnight delivery, electronic mail or facsimile upon (a) the Office of the United States Trustee, (b) Unity Bancorp, Inc., (c) the Debtor's 20 largest unsecured creditors, and (d) any party having filed a notice of appearance in this case.

8. Objections or responses to the Motion, if any, shall be filed and served on counsel for the Debtor (with a copy to the Court's Chambers) so as to be received on or before three business days before the Final Hearing.

9. Proof of service in accordance with this Order shall be filed with the Clerk of the Court within five (5) days of service.

Dated: New York, New York
      December 13, 2016

                                    /S/ Shelley C. Chapman
                                    HONORABLE SHELLEY C. CHAPMAN
                                    UNITED STATES BANKRUPTCY JUDGE

**Exhibit A**

**SIRGOLD, INC. BUDGET THROUGH INTERIM PERIOD
BEGINNING DECEMBER 1, 2016 AND ENDING DECEMBER 31, 2016**

| | |
|---|---|
| **Expected Cash Receipts** | $60,000.00 |
| **Expected Disbursements** | |
| NEW YORK MORTGAGE | 8,224.10 |
| NEW JERSEY MORTGAGE | 3,231.08 |
| AVNISSH PATEL SALARY | 10,000.00 |
| SALESMAN SALARY | 3,000.00 |
| TELEPHONE | 372.00 |
| CELLPHONE | 246.00 |
| POLAND SPRING WATER | 60.00 |
| CONDO MAINTENANCE (NEW YORK) | 1,900.00 |
| PROPERTY TAX RESERVE (NEW YORK) | 2,500.00 |
| CONDO MAINTENANCE (NEW JERSEY) | 250.00 |
| PROPERTY TAX RESERVE (NEW JERSEY) | 450.00 |
| ALARM ON NEW YORK CONDO | 475.00 |
| JEWELERS BLOCK INSURANCE | 1,250.00 |
| FEDEX | 50.00 |
| AIB SHIPPING | 700.00 |
| MALCA AMIT | 350.00 |
| TRAVEL | 500.00 |
| CAR PAYMENT | 352.00 |
| MESSENGER SALARY | 1,500.00 |
| NYSIF | 450.00 |
| IRS & PAYROLL TAX | 2,150.00 |
| STATIONERY | 200.00 |
| LAS VEGAS SHOW RESERVE | 2,550.00 |
| **Total Disbursements** | **$41,364.99** |
| **Expected Net Income** | **$8,721.01** |