**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SIRGOLD, INC.,<br><br>Debtor. | NOT FOR PUBLICATION<br>Chapter 11<br><br>Case No. 16-12963 (JPM) |

**MEMORANDUM OPINION DENYING INDIAN GEMS, INC.'S**
**REQUEST TO FILE LATE PROOF OF CLAIM**

**JOHN P. MASTANDO III**
**UNITED STATES BANKRUPTCY JUDGE**

## I. INTRODUCTION[1]

Pending before the Court is the *Letter*, dated as of August 24, 2022 [Docket No. 336] (the "**Letter**"), that was filed by Indian Gems, Inc. ("**Indian Gems**"), a creditor of Debtor Sirgold, Inc. (the "**Debtor**"). The Letter requests that the Court deem Indian Gems' late-filed proof of claim as timely. The Court has not received any responses to the Letter. The Court has reviewed (i) the Letter; and (ii) all other relevant material in the record. As set forth below, the Court finds that Indian Gems has not shown that its failure to file its proof of claim on time was the result of excusable neglect. Accordingly, the Court **DENIES** the relief requested in the Letter.

## II. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a) and (b)(1) and the Amended Standing Order of Reference dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

---

[1] References to "Docket No. __" are to filings entered on the docket in *In re Sirgold, Inc.*, No. 16-12963. References to "Claim No. __" are to claims filed in the register in *In re Sirgold, Inc.*, No. 16-12963. References to "Bankruptcy Rule __" are to the Federal Rules of Bankruptcy Procedure.

### III. BACKGROUND

The Debtor is a corporation whose business was wholesale distribution of diamonds and jewelry. (*Declaration of Avnissh Patel Pursuant to Local Bankruptcy Rule 1007-2* ¶ 9 [Docket No. 24].) Three of the Debtor's creditors filed an involuntary chapter 7 petition against Debtor on October 21, 2016. (*See Involuntary Petition Against a Non-Individual* [Docket No. 1].) The Debtor responded on November 14, 2016, by filing a voluntary chapter 11 petition. (*See Voluntary Petition for Non-Individuals Filing for Bankruptcy* [Docket No. 6].) On November 17, 2016, the Court so-ordered a stipulation that converted the case to one under chapter 11 of the Bankruptcy Code. (*See Stipulation and Order Converting Case to Chapter 11* [Docket No. 13].)

On December 1, 2016, the Debtor filed its schedules. (*See Schedules* [Docket No. 22].) The Debtor listed Indian Gems as an unsecured creditor with a $48,461.00 disputed claim for "trade debt." (*Id.* schedule E/F 3.16.)

On January 25, 2017, the Court ordered the United States Trustee to appoint a chapter 11 trustee. (*See Order Directing the Appointment of a Chapter 11 Trustee* [Docket No. 51].) The United States Trustee appointed Salvatore LaMonica, Esq. (the "**Chapter 11 Trustee**"), to serve as chapter 11 trustee. (*See Notice of Approval of Appointment of Trustee* [Docket No. 58].)

On July 2, 2020, the Court entered an order establishing October 15, 2020 (the "**Bar Date**") as the deadline to file a proof of claim for most claims against the Debtor. (*See Order Establishing Deadline for Filing Proofs of Claim or Interest for (1) Pre-petition Claims, (b) Gap Period Claims, (c) Chapter 11 Administrative Claims, and Approving the Form and Manner of Notice Thereof* [Docket No. 251] (the "**Bar Date Order**").) Pursuant to that order, all creditors were required to submit a proof of claim, even if their claim was included in the Debtor's schedules. (*Id.* at 2.) This was indicated in the *Notice of Deadline Requiring Filing of Proofs of Claim on or Before October 15, 2020* (the "**Bar Date Notice**"). (*See id.* attachment.)

2

The Bar Date Notice was served on various parties, including Indian Gems, on July 2, 2020. (*Affidavit of Service* Service List at 3 [Docket No. 252].) On February 3, 2021, the Chapter 11 Trustee filed the *Chapter 11 Trustee's Proposed Chapter 11 Plan of Liquidation Dated February 3, 2021* (the "**Plan**"). (*See* [Docket No. 267].) On April 22, 2021, the Court entered an order confirming the Plan. (*See Order Confirming the Trustee's Chapter 11 Plan of Liquidation dated February 3, 2021* [Docket No. 322].)

On August 26, 2021 (over eight months after the Bar Date, and four months after confirmation of the Plan), Indian Gems filed a proof of claim (the "**Indian Gems Claim**") of $48,461.25 for "Goods sold." (Claim No. 28.) One year later, on August 24, 2022, Indian Gems filed the Letter with the Court, requesting in essence that the Court deem the Indian Gems Claim to have been timely filed. (*See* Letter). Indian Gems acknowledged that it filed its proof of claim after the Bar Date. (*Id.*) Indian Gems argues that, despite this, it has the same rights as the other creditors and should receive the same treatment. (*Id.*)

On March 17, 2023, the Salvatore LaMonica, Esq., in his capacity as Liquidating Trustee under the Plan (the "**Liquidating Trustee**"), moved for entry of a final decree (the "**Motion for Final Decree**"). (*See Liquidating Trustee's Motion for Entry of a Final Decree and for Related Relief* [Docket No. 340].)

## IV.   LEGAL STANDARD

Generally, creditors whose claims are listed as "disputed" in a debtors' schedules must file a proof of claim to be treated as a creditor for purposes of distribution. *See* Bankruptcy Rule 3003(c)(2). In this case, all creditors were required to file proofs of claim, regardless of whether they were scheduled and how they were characterized. (Bar Date Order at 2.)

In chapter 11 cases, the Bankruptcy Rules direct the Court to establish a deadline—also called a "bar date"—by which creditors must file proofs of claim against the estate. *See*

3

Bankruptcy Rule 3003(c)(3). Bar dates are "critically important to the administration of a successful chapter 11 case . . . ." *In re Keene Corp.*, 188 B.R. 903, 907 (Bankr. S.D.N.Y. 1995). A bar date is not merely a "procedural gauntlet," but is "an integral part of the reorganization process." *In re Hooker Investments, Inc.*, 937 F.2d 833, 840 (2d Cir. 1991). "A fundamental purpose of bankruptcy law is to secure within a limited period a prompt and effectual administration and settlement of the debtor's estate." *In re XO Commc'ns, Inc.*, 301 B.R. 782, 791 (Bankr. S.D.N.Y. 2003). A definite bar date helps achieves this purpose by "enabling the parties in interest to ascertain with reasonable promptness the identity of those making claims against the bankruptcy estate and the general amount of the claims . . . ." *Id.* In other words, "[e]stablishment of a claims bar date serves the dual interests of finality and debtor rehabilitation." 9 *Collier on Bankruptcy* ¶ 3003.03. "Without a bar date, it would be impossible to determine with any finality the obligations of the debtor." *Id.*

When a creditor misses the bar date, its claim may be allowed if its failure to file on time was due to "excusable neglect." *In re Queen Elizabeth Realty Corp.*, 586 B.R. 95, 105 (S.D.N.Y. 2018). In *Pioneer*, the Supreme Court set forth four (non-exhaustive) factors for a court to consider when determining whether there was excusable neglect: "(1) the danger of prejudice; (2) the length of the delay and its potential impact on proceedings; (3) the reason for the delay, including whether it was in the reasonable control of the movant; and (4) whether the movant acted in good faith." *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993). The Second Circuit has taken a "hard line" on the *Pioneer* factors and weighs the third factor the heaviest. *See In re Pacific Drilling S.A.*, 616 B.R. 634, 643 (Bankr. S.D.N.Y. 2020) (citing *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 368 (2d Cir. 2003)).

4

"In the normal course, a party asserting excusable neglect under *Pioneer* will lose." *Queen Elizabeth Realty*, 586 B.R. at 105.

## V. DISCUSSION

### A. First *Pioneer* Factor: Danger of Prejudice

Under the first *Pioneer* factor—the danger of prejudice—relevant factors include the size of the late claim, whether allowing the claim would force a return of amounts already paid out, whether the debtor had advanced knowledge of the late claim, and whether allowing the late claim would precipitate a flood of similar claims. *In re Enron Corp.*, 419 F.3d 115, 130 (2d Cir. 2005). In addition, in a liquidation-type bankruptcy (where the aim is prompt closure and distribution of the debtor's estate instead of rehabilitation of the debtor (*see Pioneer*, 507 U.S. at 389; *see also In re LAN Associates XIV, L.P.*, 193 B.R. 730, 738 (Bankr. D.N.J. 1996))), courts have found prejudice where allowance of the late claim might be challenged on substantive grounds, since such challenge would delay the distribution and result in additional administrative expenses. *See, e.g.*, *LAN Associates*, 193 B.R. at 738-39.

Here, first, as to the size of the late claim, the Indian Gems Claim would constitute approximately 2% of the amount of general unsecured claims if allowed. (*See Post-Confirmation Report for Quarter Ending 3/31/2023* [Docket No. 346] (approximately $2.2 million in allowed general unsecured debt).) Some courts have found prejudice where the late claim was a smaller fraction of total claims. *See, e.g.*, *Enron*, 419 F.3d at 131 (upholding finding of prejudice where late-filed claim was $12.5 million in a $900 billion bankruptcy); *In re Kmart Corp.*, 381 F.3d 709, 714 (7th Cir. 2004) (upholding finding of prejudice where late-filed claim was $750,000 out of $6 billion total unsecured claims). The size of the claim here supports finding a danger of prejudice.

Second, as to forcing a return of amounts already paid out, when Indian Gems filed the Letter, the Liquidating Trustee had already made a distribution to the general unsecured creditors in the amount of 20% of the value of their claims. (*See Post-Confirmation Report for Quarter Ending 9/30/2021* [Docket No. 330].) The Liquidating Trustee would likely have had enough funds on hand to make the same distribution to Indian Gems without forcing the return of funds already paid out. (*See Amended Post-Confirmation Report for Quarter Ended 12/31/2022* [Docket No. 339] (showing distributions of approximately $241,000 after the Letter was filed).) This weighs against finding there is a danger of prejudice.

Third, as to advanced knowledge of the late claim, the Debtor included unsecured debt owed to Indian Gems on its schedules. However, the schedules indicated that this debt was "disputed." It does not appear that the Chapter 11 Trustee knew before the Bar Date whether this claim was going to be asserted. *See Enron*, 419 F.3d at 131 (where a debtor scheduled a creditor's claim with the amount listed as "unknown" and that creditor filed its proof of claim late, imputing knowledge of the claim to the debtor would "undermine the process of distinguishing between asserted and unasserted claims . . . ."). This factor is therefore neutral.

Fourth, there is nothing in the record that indicates there would be a flood of other late claims if the Indian Gems Claim were to be allowed. This weighs against finding a danger of prejudice.

Fifth, this case is on the eve of the issuance of the final decree. The Liquidating Trustee has made several distributions under the Plan, and all that remains is a potential "nominal distribution" of unclaimed funds to unsecured creditors. *See* Motion for Final Decree ¶¶ 13-15. To allow the Indian Gems Claim would potentially prolong the case with determining the

6

validity of the disputed claim and would result in further administrative expenses. This supports finding a danger of prejudice.

Weighing these facts, the Court finds that the first *Pioneer* factor, danger of prejudice, weighs against finding excusable neglect.

B.     Second *Pioneer* Factor: Length of Delay

Regarding the second *Pioneer* factor—length of delay— there is no bright-line rule and the lateness must be considered with respect to the context of the proceeding as a whole and whether allowing the late claim would be disruptive to judicial administration of the case. *See Enron*, 419 F.3d at 128. When Indian Gems filed the Indian Gems Claim, it was over ten months after the Bar Date, the Plan had been confirmed, and the single largest distribution— approximately $430,000—to general unsecured creditors had already been made. (*See Post-Confirmation Report for Quarter Ending 9/30/2021* [Docket No. 330].) Allowing the Indian Gems Claim after such a delay would be highly disruptive to the judicial administration of the case. *See, e.g.*, *Enron*, 419 F.3d at 129-30 (six-month delay weighed against allowing claim where late claim could have disruptive effect); *XO Commc'ns*, 301 B.R. at 797 (delay of four months after bar date and three days after plan confirmation weighed against allowing late claim); *LAN Associates*, 193 B.R. at 739 (22-month delay weighed against allowing claim where a liquidating chapter 11 plan was already confirmed); *cf. In re Sacred Heart Hosp.*, 186 B.R. 891, 897 (Bankr. E.D. Pa. 1995) (delay of several months did not disrupt proceedings where claim was filed before confirmation of liquidating chapter 11 plan or any distributions to creditors). The Court therefore finds that the length of delay weighs against finding excusable neglect.

C. <u>Third and Fourth *Pioneer* Factors: Reason for Delay and Good Faith</u>

As to the third *Pioneer* factor, the Second Circuit has noted that the reason for the delay weigh heaviest in the analysis (*Pacific Drilling*, 616 B.R. at 643) and that "inadvertence, ignorance of the rules, or mistakes construing the rules" are not usually adequate explanations for the delay (*Enron*, 419 F.3d at 126 (quoting *Pioneer*, 507 U.S. at 392)). Where a creditor was on notice of the bar date and fails to act, courts generally do not find excusable neglect. *See Queen Elizabeth*, 586 B.R. at 108 (collecting cases); *see also Pacific Drilling*, 616 B.R. at 643-45 (inadequate reason for late filing where creditor had notice of the bar date); *Enron*, 419 F.3d at 126-27 (same). Indian Gems does not provide a reason for its delay in filing the Indian Gems Claim. It appears to have received notice of the Bar Date via the Bar Date Notice. Therefore, the Court finds that the reason for delay weighs against finding excusable neglect.

Regarding the fourth *Pioneer* factor, there is nothing in the record that indicates that Indian Gems has not been acting in good faith. The Court therefore finds that Indian Gems' good faith weighs in favor of finding excusable neglect.

As the first, second, and third *Pioneer* factors weigh against excusable neglect, the Court finds that Indian Gems has not shown that its failure to file its claim on time was the result of excusable neglect.

## VI. CONCLUSION

For the reasons set forth above, the Court finds that Indian Gems has not established that its failure to file the Indian Gems Claim by the Bar Date was the result of excusable neglect. Accordingly, the Court **DENIES** the relief requested in the Letter.


Dated:   May 2, 2023
         New York, New York

                                               /S/ John P. Mastando III
                                               HONORABLE JOHN P. MASTANDO III
                                               UNITED STATES BANKRUPTCY JUDGE